UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-24400-CIV-ALTONAGA/Simonton

**WORLD FUEL SERVICES (SINGAPORE) PTE LTD.**,

    Plaintiff,

vs.

**HAPPY CRUISES SA**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff, World Fuel Services (Singapore) PTE Ltd.'s ("Plaintiff[']s]") Motion for Default Final Judgment ("Motion") [ECF No. 14], filed March 26, 2012. A Clerk's Default [ECF No. 10] was entered against Defendant, Happy Cruises SA ("Defendant"), on March 14, 2012, as it failed to appear, answer, or otherwise respond to the Complaint [ECF No. 1], despite having been served. (*See* Clerk's Default; Aff. of Serv. [ECF No. 6]). The Court has carefully considered the Motion, the record and the applicable law.

### I. BACKGROUND[1]

Plaintiff is a commercial entity with its principal place of business in Singapore. (*See* Compl. ¶ 1). Defendant is a foreign corporation with a registered address in Panama. (*See id.* ¶ 2). At all material times, Defendant owned, operated, and/or managed a fleet of three vessels, including the M/V Gemini. (*See id.* ¶ 3). This matter is before the Court on the basis of a forum selection clause contained in relevant agreements. (*See id.* ¶ 5).

---

[1] The factual background is taken from the Complaint.

Plaintiff's business consists of supplying marine fuel ("bunkers") worldwide. (*See id.* ¶ 6). On August 2, 2011, Plaintiff via its European branch, World Fuel Services Europe, fulfilled a bunker order for Happy Cruises through the vendor Stena Oil. (*See id.* ¶ 7). Specifically, bunkers were supplied to the M/V Gemini in the port of Gothenburg, Sweden. (*See id.*). On August 7, 2011, Plaintiff via another European branch, World Fuel Services Denmark, fulfilled a bunker order for Happy Cruises through the vendor O.W. Bunker & Trading A/S. (*See id.* ¶ 8). For this order bunkers were supplied to the M/V Gemini in the port of Copenhagen, Denmark. (*See id.*). On August 10, 2011, World Fuel Services Europe issued invoice #133167-32501 for the amount of USD $151,358.97. (*See id.* ¶ 9). On August 11, 2011, World Fuel Services Denmark issued invoice #100271-31351 for the amount of USD $187,501.56. (*See id.* ¶ 10). Together with interest and contractual expenses, the total amount for the above transactions is USD $361,278.04. (*See id.* ¶ 11). Notwithstanding demands for payment, the aforementioned sums remain due and owing. (*See id.* ¶ 12). On information and belief, Defendant ceased its cruise activity due to financial problems. (*See id.* ¶ 13). World Fuel Services Europe and World Fuel Services Denmark have assigned their rights to the aforementioned sums to Plaintiff. (*See id.* ¶ 14).

Plaintiff fully performed its obligations under the contracts with Defendant. (*See id.* ¶ 17). As a result of Defendant's failure to pay, Plaintiff has sustained damages of USD $361,278.04, in addition to interest, attorneys' fees and costs of bringing the present action. (*See id.* ¶¶ 19–20).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint.

"'[A] defendant's default does not in itself warrant the court entering a default judgment.'" *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr.*, 515 F.2d at 1206). Granting a motion for default judgment is within the trial court's discretion. *See Nishimatsu*, 515 F.2d at 1206. Because the defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered. *See id.*; *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default . . . .").

### III. ANALYSIS

Plaintiff's Complaint contains two claims for relief — breach of maritime contract (Count I), and account stated (Count II).

#### A.  Count I — Breach of Maritime Contract

To recover damages for breach of a maritime contract, "a plaintiff must prove (1) the terms of a maritime contract; (2) that the contract was breached; and (3) the reasonable value of the purported damages." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1249 (11th Cir. 2005) (citing *Exxon Corp. v. Cent. Gulf Lines, Inc.*, 500 U.S. 603, 605–06 (1991); *Krauss Bros. Lumber Co. v. Dimon S.S. Corp.*, 290 U.S. 117 (1933)).

Plaintiff has alleged the existence of a maritime contract, its breach, and the value of the damages. Plaintiff provides evidence of the damages in the form of a declaration from its President, Robert P. Vredenburgh ("Vredenburgh"), with accompanying exhibits including the invoices and agreement between the parties. (*See* Declaration in Support of Motion ("Declaration") [ECF No. 13]). Plaintiff asserts that as of the date of the Motion and Vredenburgh's Declaration, the total amount due and owing as contractual damages plus pre-

judgment interest is USD $401,037.68.[2] (*See* Mot. ¶ 1; Decl. ¶ 5). Plaintiff's well-pleaded allegations establish breach of maritime contract by Defendant. It is appropriate to enter default judgment on Count I.

### B. Count II — Account Stated

"Proof of an account stated requires an express or implied agreement between the parties that a specified balance is correct and due and an express or implied promise to pay this balance." *Farley v. Chase Bank, U.S.A., N.A.*, 37 So. 3d 936, 937 (Fla. 4th DCA 2010), reh'g denied (July 16, 2010) (citing *Merrill-Stevens Dry Dock Co. v. Corniche Express*, 400 So. 2d 1286 (Fla. 3d DCA 1981)). A *prima facie* case for an account stated, and liability of the debtor, has been established when the account statement has "'been rendered to and received by one who made no objection thereto within a reasonable time.'" *Id.* (quoting *Daytona Bridge Co. v. Bond*, 36 So. 445, 447 (Fla. 1904); *Gendzier v. Bielecki*, 97 So. 2d 604, 608 (Fla. 1957)). "The cause of action for an account stated is based on 'the agreement of the parties to pay the amount due upon the accounting, and not any written instrument.'" *Id.* (quoting *Whittington v. Stanton*, 58 So. 489, 491 (Fla. 1912)).

Plaintiff has alleged an express or at least implied agreement by Defendant to pay the amount due for fueling services Plaintiff rendered. Plaintiff has alleged it issued invoices for amounts due. (*See* Compl. ¶¶ 9–10). No objections by Defendant have been alleged, and Defendant, in a posture of default, has not asserted any in this action. Accordingly, Plaintiff's well-pleaded allegations establish a claim for an account stated, and the Court enters default judgment on Count II.

---

[2] The Declaration states that the total amount includes an administrative fee, the amount of which is specified in the parties' agreement, as well as interest accruing at 2% per month, also per the agreement. (*See* Decl. ¶¶ 3–4).

### C.  Attorneys' Fees

Section 7(f) of the parties' agreement [ECF No. 1-3] provides:

> The Buyer agrees to pay, in addition to other charges contained herein, internal and external attorneys fees on a full indemnity basis for the Seller's collection of any non-payment or underpayment as well as any other charges incurred by the Seller in such collection including, but not limited to, the cost of bonds, fees, internal and external attorneys fees associated with enforcing a maritime lien, attachment or other available right, whether in law, equity, or otherwise.

Plaintiff, however, has not specified the amount of attorneys' fees and costs incurred pursuant to this section of the agreement, and no invoices or other evidence of the amount has been provided.  The Court has no means of determining the amount of fees that might be awarded pursuant to the contract and finds Plaintiff has not met its burden in producing satisfactory evidence of such.  *See Loranger v. Stierheim*, 10 F.3d 776 (11th Cir. 1994).  Accordingly, this request is denied.

### IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED and ADJUDGED** that:

1.  Plaintiff's Motion for Default Final Judgment **[ECF No. 14]** is **GRANTED in part and DENIED in part**.

2.  Final judgment shall be entered by separate order.

3.  The Clerk is directed to mark this case as **CLOSED**.  All pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 13th day of April, 2012

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record